THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00272-MR

| | |
|---|---|
| GLENN MICHAEL WEST, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Response to the Court's Show Cause Order. [Doc. 7].

The Plaintiff, proceeding *pro se*, initiated this civil action on December 27, 2022, appealing the denial of his claim for Social Security benefits. [Doc. 1]. After receiving an extension of time to do so [see Text-Only Order entered February 27, 2023], the Defendant filed the a certified copy of the administrative record. [Doc. 4]. Thereafter, the Court entered a Text-Only Scheduling Order directing the Plaintiff to file his Social Security brief within thirty (30) days, making the Plaintiff's brief due on April 28, 2023.

When no brief was filed, the Court entered an Order directing the Plaintiff to show cause why this action should not be dismissed due to his

failure to prosecute. [Doc. 6]. On June 14, 2023, the Plaintiff filed his Response, explaining as follows:

> The Defendant's office sent a copy of the administrative record minus 17 pages (enclosed are 16 pages). **An answer to the Plaintiff's 12/27/22 filing was not sent. The Plaintiff mistakenly believed that responding to the Defendant's non-response was not logically necessary and therefore optional.** The Plaintiff believed that without a SS Brief restating the assertions of his initial filing, the Court's attention would logically turn to the Defendant and require an answer without which a default judgment would be made.

[Doc. 7 at 1] (emphasis added).

As the Plaintiff himself admits, the Plaintiff was mistaken in believing that the Defendant's filing of the administrative record was a "non-response." Pursuant to the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which went into effect on December 1, 2022, the Commissioner's answer in a Social Security action "may be limited to a certified copy of the administrative record." Rule 4(b), Supp. Rules for Social Security Actions. Thus, the Defendant's filing of the certified administrative record was entirely proper and rendered the issues ripe for this Court's review.

The Court's Orders are not merely suggestions, nor is compliance with such Orders optional on the part of the parties. Having failed to comply with

2

Case 1:22-cv-00272-MR Document 8 Filed 06/28/23 Page 2 of 3

the Court's Scheduling Order, the Plaintiff is at risk of having his action dismissed for failure to prosecute. In light of the Plaintiff's *pro se* status, however, the Court will give the Plaintiff another opportunity to comply with the Court's directives. Going forward, the Plaintiff is admonished to familiarize himself with the Federal Rules of Civil Procedure, the Supplemental Rules for Social Security Actions, and this Court's Local Rules regarding the filing of Social Security briefs. The Plaintiff's failure to comply with the Orders of this Court or to abide by these Rules may result in sanctions being imposed, including the dismissal of his action.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall file his Social Security brief within 30 days of the entry of this Order. The Defendant Commissioner's Brief shall be due 30 days after service of the Plaintiff's Brief. The Plaintiff may file a Reply Brief within 14 days of the Defendant Commissioner's Brief. The Plaintiff is advised that failure to file a brief within the time required will result in the dismissal of this action for failure to prosecute.

**IT IS SO ORDERED.**

Signed: June 27, 2023

Martin Reidinger
Chief United States District Judge