GLENN MICHAEL WEST,            )
                               )
            Plaintiff,         )
                               )
    vs.                        )    **MEMORANDUM OF**
                               )    **DECISION AND ORDER**
COMMISSIONER OF SOCIAL         )
SECURITY,                      )
                               )
            Defendant.         )
_____)

**THIS MATTER** is before the Court on the Plaintiff's appeal of the decision of the Commissioner denying him Social Security benefits. The parties have fully briefed the issues. [Docs. 9, 10, 11].

## I.    BACKGROUND

On July 9, 2013, the Plaintiff, Glenn Michael West ("Plaintiff"), filed an application for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"), alleging an onset date of December 1, 1992. [Transcript ("T.") at 19]. The claimant's Title II application was denied on August 6, 2013, because the claimant had not worked long enough to earn sufficient credits to qualify for disability benefits. [Id.]. On December 8, 2015, a favorable decision was issued by an Administrative Law Judge in which

the claimant was found to be disabled since December 1, 1992. [Id.]. On January 18, 2016, the Plaintiff was notified of his eligibility for supplemental security income beginning July 2013. [Id.]. The Plaintiff filed supplemental documents for the year 2001 and was found to have met insured status, and therefore, on November 6, 2017, the Plaintiff was notified of his eligibility for monthly disability benefits under Title II beginning July 2012. [Id.].

On December 1, 2017, the claimant filed a Request for Reconsideration of the determination made on November 6, 2017, solely on the grounds of the improper calculation of his benefits and period of disability. [T. at 54]. The Request for Reconsideration was denied on December 24, 2017. [T. at 56]. On December 29, 2017, the claimant filed a Request for Hearing by Administrative Law Judge. [T. at 64]. A hearing was held before an ALJ on September 10, 2019. [T. at 30]. The ALJ issued a decision on November 12, 2019, finding no error in the calculation of the Plaintiff's benefits. [T. at 21]. The Appeals Council denied the Plaintiff's request for review on August 3, 2022. [T. at 9]. The Plaintiff submitted additional information to the Appeals Council, and the Council again denied the Plaintiff's request for review on October 28, 2022. [T. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's

3

Case 1:22-cv-00272-MR   Document 12   Filed 11/07/23   Page 3 of 6

decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. DISCUSSION

As his sole assignment of error, the Plaintiff argues that the ALJ improperly found his date first insured as January 2001 instead of April 1975 "without a statutory rationale," and therefore, denying the Plaintiff's alleged onset of disability date was statutorily unjustified. [Doc. 9 at 1]. The Defendant in response argues that the ALJ properly found that the Plaintiff's benefits were calculated correctly. [Doc. 10 at 3].

An individual is insured for disability benefits in any month if, among other requirements, "he had not less than 20 quarters of coverage during the 40-quarter period which ends with the quarter in which such month occurred." 42 U.S.C. § 423(c)(1)(B)(i). Additionally, to be eligible for benefits, a claimant must demonstrate that his disability commenced during a period in which he had insured status under the Social Security Act. See 42 U.S.C. § 423(c); 20 C.F.R. §§ 404.101, 404.130, 404.131.

Here, the Plaintiff was unable to work full-time beginning in 1992. [T. at 20]. However, he did not qualify for benefits until 2001 when he gained sufficient quarters of coverage as required by statute. [Id.]. As such, the ALJ correctly found that January 1, 2001, was the date that the Plaintiff first met insured status. [Id. at 20-21]. The Plaintiff previously had insured status beginning April 1, 1975, but this period expired on his date last insured of December 31, 1977. [Id. at 20]. Although the Plaintiff alleged disability beginning in 1992, he did not then qualify for benefits because he did not have insured status at that time. Therefore, the ALJ properly calculated the Plaintiff's date first insured based on his earning quarters from 1996 to 2001.

In sum, the Plaintiff has asserted no basis for overturning the decision of the ALJ. The ALJ applied the correct legal standard and relied on substantial evidence, including the undisputed facts in the record.

# ORDER

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED,** and this case is hereby **DISMISSED**.  A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge